FILED
U.S. DISTRICT COURT

2010 MAY -5 AM 11:04

CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MANVESTER EVANS, III,

    Petitioner,

vs.

J. DARRELL HART, Warden,

    Respondent.

CIVIL ACTION NO.: CV609-088

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Manvester Evans ("Evans"), who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Toombs County Superior Court. Respondent filed a Motion to Dismiss, to which Evans responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Evans was sentenced in October 2004 after he pleaded guilty to malice murder, for which he received life imprisonment, and to four (4) counts of aggravated assault, for which he received consecutive 20 year sentences on each count. Plaintiff did not file a direct appeal.

Evans filed a petition for writ of habeas corpus in the Mitchell County Superior Court. After an evidentiary hearing, the state habeas corpus court denied Evans' petition. The Georgia Supreme Court denied Evans's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition.

AO 72A
(Rev. 8/82)

Evans then filed a petition for writ of habeas corpus pursuant to section 2254 in this Court. Evans v. Nelson, CV607-55. In that petition, Evans alleged that his guilty plea was coerced, his indictment was constitutionally defective, and his counsel provided ineffective assistance. (CV607-55, Doc. No. 8, p. 1). United States Magistrate Judge G.R. Smith recommended that Evans' petition be dismissed as being untimely filed. The Honorable B. Avant Edenfield adopted Judge Smith's recommendation as the opinion of the Court. (Id. at Doc. Nos. 8, 16). Evans filed a Motion of Appeal with the Eleventh Circuit Court of Appeals, and the Eleventh Circuit denied his appeal.

In this petition, Evans once again challenges his 2004 convictions obtained in the Toombs County Superior Court. Evans contends that his trial counsel was ineffective, he entered an involuntary plea, and the indictment process was unconstitutional. (Doc. No. 1, p. 6). Respondent asserts Evans' petition should be dismissed because the petition is successive and this Court lacks jurisdiction over the petition.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Evans has failed to obtain or even seek authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive petition. Respondent also alleges it is not necessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Evans's petition is time-barred under 28 U.S.C. § 2244(d).

AO 72A
(Rev. 8/82)

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Evans has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive

AO 72A
(Rev. 8/82)

petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Evans' petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Evans' entire petition should be dismissed, as Evans previously brought his claims in his first § 2254 petition. 28 U.S.C. § 2244(b)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED,** and that Evans' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this 5th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Evans' petition filed with this Court on August 31, 2007, was dismissed as being untimely filed, and thus, is a dismissal with prejudice. (CV607-55, Doc. Nos. 8, 16).

AO 72A
(Rev. 8/82)